# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| DEON T. LEE<br>(DOC# 375231) | CIVIL ACTION |
| VERSUS | |
| LYNN COOPER, ET AL | NO. 10-734-BAJ-M2 |

## NOTICE

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

    In accordance with 28 U.S.C. § 636(b)(1), you have 14 days from the date of service of this Notice to file written objections to the proposed findings of fact and conclusions of law set forth in the Magistrate Judge's Report. The failure of a party to file written objections to the proposed findings, conclusions, and recommendation contained in a Magistrate Judge's Report and Recommendation within 14 days after being served with a copy of the Report shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge that have been accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Signed in chambers in Baton Rouge, Louisiana, January 20, 2011.

    **MAGISTRATE JUDGE CHRISTINE NOLAND**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

DEON T. LEE                                                          CIVIL ACTION
(DOC# 375231)

VERSUS

LYNN COOPER, ET AL                                          NO. 10-734-BAJ-M2

## MAGISTRATE JUDGE'S REPORT

This matter is before the Court on the Petition for Writ of Habeas Corpus (R. Doc. 4) filed by petitioner, Deon T. Lee ("Lee"). The State has filed an opposition (R. Doc. 8) to Lee's petition.

## PROCEDURAL BACKGROUND

Lee pled guilty to one count of armed robbery and one count of felon in possession of a firearm in the 19th Judicial District Court, Parish of East Baton Rouge, State of Louisiana, on December 8, 1997. He was subsequently sentenced to a thirty-seven (37) year term of imprisonment at hard labor on the armed robbery charge and a ten (10) year term of imprisonment on the firearm charge, with the sentences to run concurrently and to be served without the benefit of probation, parole, or suspension of sentence. Lee appealed his convictions and sentences to the Louisiana First Circuit Court of Appeals, which affirmed same on January 31, 2001. *See, State of Louisiana v. Deon Tremell Lee*, 00-0756 (La. App. 1 Cir. 1/31/2001)(unpublished opinion). Lee did not seek review by the Louisiana Supreme Court.

On May 19, 2005, Lee filed an application for post-conviction relief with the state trial court, raising three (3) grounds for relief: (1) his guilty plea was unknowing and involuntary;

(2) his guilty plea violated the double jeopardy clause; and (3) his guilty plea was unconstitutional because no bill of information was filed. The state trial court denied Lee's post-conviction relief application on August 19, 2005 pursuant to La.C.Cr.P. art. 930.8. Lee did not seek review by the state appellate courts.

Lee filed a federal application for habeas corpus relief on May 26, 2006, in the U.S. District Court for the Western District of Louisiana, in which his sole allegation was that he received ineffective assistance of counsel. Such application was transferred to this Court pursuant to 28 U.S.C. §1406 on October 17, 2006. This Court dismissed such application with prejudice as untimely-filed on February 1, 2007.

Lee then filed his present, second application for habeas corpus relief with this Court on or about November 2, 2010, in which he again asserts that his counsel was ineffective and that his guilty plea was made involuntarily and unknowingly.

## **LAW & ANALYSIS**

Pursuant to 28 U.S.C. §2244(b)(3)(A), before a second or successive application for federal habeas relief is permitted to be filed, an applicant must move in the appropriate court of appeals for an order authorizing the district court to consider his/her application. 28 U.S.C. §2244(b)(3)(A). Without such authorization, a federal district court is without jurisdiction to consider successive habeas applications. *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000).[1] Because this is Lee's second habeas petition to be filed in federal

---

[1] *See also, U.S. v. Berry*, 2008 WL 205073 (5th Cir. 2008)("'Because §2244(b)(3)(A) "acts as a jurisdictional bar to the district court's asserting jurisdiction over any successive habeas petition until [the Court of Appeals] has granted the petitioner permission to file one,' the district court was without jurisdiction to consider the action'"); *Leal Garcia v. Quarterman*, 573 F.3d 214 (5th Cir. 2009)(Without authorization to file a second or successive habeas petition for relief in federal district court, the otherwise-cognizant district court has no jurisdiction to entertain a successive habeas petition).

2

court relating to the same convictions/sentences and there is no evidence in the record that he sought or received the requisite authorization from the U.S. Fifth Circuit Court of Appeals to file a successive habeas application with the Court, his petition should be dismissed for lack of jurisdiction.[2]

## RECOMMENDATION

Accordingly, it is recommended that the Petition for Writ of Habeas Corpus (R. Doc. 4) filed by Deon T. Lee should be **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

Signed in chambers in Baton Rouge, Louisiana, January 20, 2011.

**MAGISTRATE JUDGE CHRISTINE NOLAND**

---

[2] Due to a lack of jurisdiction, the undersigned is unable to determine whether Lee's claims should be dismissed with prejudice for lack of exhaustion and pursuant to the procedural default doctrine, as the State contends.